■ I. TOWJER, INC., Appellant, v ALVIN K. TARRAN et al., Respondents. [654 NYS2d 626] —In an action to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated February 16, 1996, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as as- serted against Alvin K. Tarran, and denied its cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendants' motion which was for summary judgment dismiss-

ing the complaint insofar as asserted against Alvin K. Tarran and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the complaint is reinstated against the defendant Alvin K. Tarran.

Generally, "corporate officers and directors are not liable for fraud unless they personally participate in the misrepresentation or have actual knowledge of it" (*Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 44; *cf., Zanani v Savad,* 228 AD2d 584; *Bellinzoni v Seland,* 128 AD2d 580).

In the instant case, the defendant Alvin K. Tarran, the sole shareholder and officer of the corporate defendant, negotiated the underlying transaction which forms the basis of this action as against the corporate defendant. Thus, to the extent that there were any misrepresentations made by the corporate defendant during the transaction, Tarran must have personally participated in such misrepresentations.

The Supreme Court properly denied the plaintiff's cross motion for summary judgment. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.