■ BUXTON MANUFACTURING CO., INC., Respondent-Appellant, v VALIANT MOVING & STORAGE, INC., Doing Business as VAL-

IANT RIGGING & TRANSPORTATION, et al., Defendants, and ALLAN DILLON, Appellant-Respondent. [657 NYS2d 450] —In an action, *inter alia,* to recover damages for fraud, the defendant Allan Dillon appeals from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), entered April 23, 1996, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him, or, in the alternative, for summary judgment dismissing the third cause of action asserted in the amended complaint, and the plaintiff Buxton Manufacturing Co., Inc., cross-appeals from so much of the same order as denied its cross motion for summary judgment against the defendant Allan Dillon on the third cause of action asserted in the amended complaint.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to a contract with the United States Department of Agriculture, the defendant Valiant Moving & Storage, Inc., doing business as Valiant Rigging & Transportation (hereinafter Valiant), was to replace certain heat exchangers at the Plum Island Animal Disease Center on Plum Island, New York. Valiant purchased the heat exchangers from the plaintiff Buxton Manufacturing Co., Inc. (hereinafter Buxton), for an agreed price of $191,489. On or about March 18, 1994, the defendant Allan Dillon, acting as Valiant's vice-president, signed and sent to the Department of Agriculture a "progress payment certification" on the project which represented that all subcontractors and suppliers had been paid.

The plaintiff, claiming that it had been paid only $130,000 by Valiant, commenced the instant action, *inter alia,* to recover the amount due under its contract with Valiant. The complaint also contained a cause of action asserted against the defendant Allan Dillon to recover damages based on fraud. The plaintiff claims that without the false representation in the progress payment certification, the Department of Agriculture would not have made payment to Valiant but would have withheld an amount sufficient to pay the plaintiff's outstanding claim. Dillon moved to dismiss the complaint for failure to state a cause of action, or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff cross-moved for summary judgment against Dillon. The Supreme Court denied the motion and the cross motion stating there were questions of fact yet to be determined. We affirm.

It is generally the case that a cause of action to recover damages for fraud requires, *inter alia,* a showing that a false repre-

sentation was made to the injured party, for the purpose of inducing reliance thereon, and reasonable reliance by the injured party (*see, e.g., Brown v Lockwood,* 76 AD2d 721). Fraud, however, may also exist where a false representation is made to a third party, resulting in injury to the plaintiff (*see, Eaton, Cole & Burnham Co. v Avery,* 83 NY 31; *Rice v Manley,* 66 NY 82; *Desser v Schatz,* 182 AD2d 478; *Cooper v Weissblatt,* 154 Misc 522; 60 NY Jur 2d, Fraud and Deceit, § 117).

. Contrary to Dillon's contention, he may be held personally liable for a fraudulent act committed in his capacity as a corporate officer of the defendant Valiant (*see, Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 44; *I. Towjer, Inc. v Tarran,* 236 AD2d 518). A ground for his liability is sufficiently asserted based upon his admitted failure to do anything to check the accuracy of the progress payment certification which he signed (*see, Skrine v Staiman,* 30 AD2d 707, *affd* 23 NY2d 946; 60 NY Jur 2d, Fraud and Deceit, § 124). Therefore, the motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against Dillon for failure to state a cause of action was properly denied.

We further conclude that summary judgment was properly denied to both parties, and the matter should proceed to trial to determine all of the facts surrounding Dillon's execution of the progress payment certification (*see, Kountze v Kennedy,* 147 NY 124). Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.