(June 9, 2003)

■ A & A ASSOCIATES, INC., Appellant, v OLYMPIC PLUMBING & HEATING CORP. et al., Respondents, et al., Defendant. [760 NYS2d 652] —In an action, inter alia, to recover damages for unfair competition, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated May 3, 2002, which granted the motion of the defendants Olympic Plumbing & Heating Corp. and Albert Rocco, and the separate motion of

the defendants A. J. Pegno Construction Corp. and Timothy S. Rexon, for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The respondents demonstrated their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact relating to its cause of action alleging unfair competition (*see Allied Maintenance Corp. v Allied Mech. Trades,* 42 NY2d 538 [1977]; *Camelot Assoc. Corp. v Camelot Design & Dev.,* 298 AD2d 799 [2002]). In addition, no issue of fact was raised as to whether the respondents derived a benefit that belonged to the plaintiff, which is necessary to sustain a cause of action based upon unjust enrichment (*see Smith v Chase Manhattan Bank, USA,* 293 AD2d 598 [2002]; *Fandy Corp. v Chang,* 272 AD2d 369 [2000]; *Bugarsky v Marcantonio,* 254 AD2d 384 [1998]). Moreover, the plaintiff failed to establish the existence of a triable issue of fact with respect to whether the respondents made misrepresentations which deprived the plaintiff of payment for a service which it performed, which was necessary to sustain the plaintiff's cause of action alleging fraud (*see Cohen v Houseconnect Realty Corp.,* 289 AD2d 277 [2001]; *Buxton Mfg. Co. v Valiant Moving & Stor.,* 239 AD2d 452 [1997]; *Garelick v Carmel,* 141 AD2d 501 [1988]). Accordingly, the Supreme Court properly granted the respondents' motions to dismiss the amended complaint.

The plaintiff's remaining contention is without merit. Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.