In an action to recover damages for breach of contract and fraud, the defendants Jenny Fang and Robert Chow appeal from so much of an order of the Supreme Court, Queens County *563 (Satterfield, J.), dated January 28, 2003, as denied their motion for summary judgment dismissing the complaint as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly found that the appellants failed to make a prima facie showing of entitlement to judgment as a matter of law by eliminating all material issues of fact from the case (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). It is well settled that agents or officers of a corporation may be held personally liable for their tortious acts committed in the performance of their corporate duties (see Kopec v Hempstead Gardens, 264 AD2d 714, 716 [1999]; American Express Travel Related Servs. Co. v North Atl. Resources, 261 AD2d 310, 311 [1999]; Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 44 [1980]). The appellants, the sole shareholders and officers of the corporate defendants, negotiated the underlying transaction with the plaintiff. To the extent, if any, that there were misrepresentations made by the corporate defendants in connection with the transactions, the appellants “must have personally participated in such misrepresentations” (I. Towjer, Inc. v Tarran, 236 AD2d 518, 519 [1997]; see First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 291-292 [1999]). Santucci, J.E, Luciano, Schmidt and Cozier, JJ., concur.