DEMETRA SIMOS, Appellant, v VIC-ARMEN REALTY, LLC, et al., Defendants, and BLVD WINES & LIQUORS, INC., Respondent. [938 NYS2d 609]—

In May 2009, the plaintiff commenced this action against, among others, Blvd Wines & Liquors, Inc. (hereinafter Blvd Wines), to recover damages for personal injuries she allegedly sustained when she fell over metal cellar doors on the sidewalk abutting premises leased by Blvd Wines. As relevant here, the

Supreme Court granted Blvd Wines' motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

"In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Sinensky v Rokowsky*, 22 AD3d 563, 564 [2005], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see* CPLR 3211 [c]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Sokol v Leader*, 74 AD3d at 1182).

Here, Blvd Wines did not submit evidence demonstrating that any fact alleged in the complaint "was, undisputedly, 'not a fact at all' " (*Sokol v Leader*, 74 AD3d at 1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d at 275). That standard was not satisfied either by the affidavit of the owner of Blvd Wines (*see Bodden v Kean*, 86 AD3d 524, 526 [2011]; *Kempf v Magida*, 37 AD3d 763, 765 [2007]) or by the provisions of the lease between Blvd Wines and the owner of the premises relating to the control and maintenance of the area where the accident occurred (*see Maloney v King*, 254 AD2d 231 [1998]; *cf. Columbo v Chase Manhattan Automotive Fin. Corp.*, 297 AD2d 327, 328 [2002]).

Accordingly, the Supreme Court should have denied Blvd Wines' motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

In light of our determination, we need not reach the plaintiff's remaining contention. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33461(U).]**