In an action to recover damages for fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated April 2, 2012, as granted those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action and denied, as academic, its cross motion to convert the defendants’ motion into one for summary judgment and, upon conversion, award summary judgment in its favor on the issue of liability on the first and second causes of action.
Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting those branches of the defendants’ motion which were to dismiss the first and second causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The first and second causes of action, asserted against the defendants Interstate Masonry Corp. (hereinafter Interstate) and Janine Frantellizzi, respectively, seek to recover damages for fraud. The defendants moved pursuant to CPLR 3211 (a) (7) *1032 to dismiss the complaint. The plaintiff opposed the motion and cross-moved to convert the defendants’ motion into one for summary judgment and, upon conversion, award summary judgment in its favor on the issue of liability on the first and second causes of action. The plaintiff appeals from so much of an order of the Supreme Court as granted those branches of the defendants’ motion which were to dismiss the first and second causes of action and denied, as academic, the plaintiffs cross motion.
“The elements of a cause of action [alleging] fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages” (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Viewing the complaint in the light most favorable to the plaintiff, and accepting the factual allegations as true, the complaint, as amplified by the affidavit submitted by the plaintiff, sufficiently stated causes of action against Interstate and Janine Frantellizzi, Interstate’s president, to recover damages for fraud (see Black v Chittenden, 69 NY2d 665, 668 [1986]; Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849 [2012]; Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 897 [2010]; DDJ Mgt., LLC v Rhone Group L.L.C., 78 AD3d 442, 443-444 [2010]; Buxton Mfg. Co. v Valiant Moving & Stor., 239 AD2d 452, 453-454 [1997]). Accordingly, those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action should have been denied.
In light of the foregoing, the plaintiffs cross motion to convert the defendants’ motion to dismiss into one for summary judgment and, upon conversion, award summary judgment in its favor on the issue of liability on the first and second causes of action is academic. Since the defendants’ motion has been determined, it can no longer be converted.
Dillon, J.E, Austin, Sgroi and Cohen, JJ., concur.