■ ROBREA BLACK, Appellant-Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, and WOMAN WORK CONSTRUCT. CORP., Respondent, et al., Defendants. [991 NYS2d 337]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated May 9, 2012, as granted the motion of the defendant Woman Work Construct. Corp. pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and the defendant New York City Housing Authority cross-appeals from so much of the same order as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and the motion of the defendant New York City Housing Authority pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant New York City Housing Authority and the defendant Woman Work Contruct. Corp., payable by the plaintiff.

In June 2011, the plaintiff commenced this action against, among others, Woman Work Construct. Corp. (hereinafter WWCC) and the New York City Housing Authority (hereinafter NYCHA) to recover damages for personal injuries she allegedly sustained on July 30, 2010, when she was assaulted on an exterior walkway in a NYCHA housing development where she resided. At the time of the assault, the area around the site of the assault was either undergoing construction or repairs.

NYCHA had hired WWCC to perform work on the project, and WWCC allegedly erected construction fencing, in the form of wooden boards, around the area where the assault occurred, as required by applicable safety codes. The plaintiff alleged that NYCHA and WWCC were negligent in that the construction and repair work being undertaken made the area of the walkway unsafe, dangerous, and hazardous, as the construction fencing created a physical barrier to public visibility. NYCHA and WWCC separately moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them on the ground that the plaintiff failed to state a cause of action against either of them. The Supreme Court granted WWCC's motion and denied NYCHA's motion.

"In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Sinensky v Rokowsky*, 22 AD3d 563, 564 [2005]).

Here, NYCHA and WWCC each established their entitlement to dismissal. Even accepting the allegations in the complaint as true, the erection of construction fencing around an exterior walkway that resulted in a physical barrier to public visibility of the walkway did not constitute either the breach of a duty of care to the plaintiff, or the proximate cause of injuries inflicted upon the plaintiff by third parties (*see generally James v Jamie Towers Hous. Co.*, 99 NY2d 639, 641 [2003]; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *Miller v State of New York*, 62 NY2d 506, 509, 513 [1984]; *M.D. v Pasadena Realty Co.*, 300 AD2d 235, 237 [2002]; *cf. Brewster v Prince Apts.*, 264 AD2d 611, 612-613 [1999]). Accordingly, the Supreme Court properly granted WWCC's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and should have granted NYCHA's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.