■ YDRA, LLC, Appellant, v JOHN A. MITCHELL et al., Defendants, and PAUL SKLAR, Respondent. [1 NYS3d 206]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), dated November 21, 2013, which granted the motion of the defendant Paul Sklar pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Paul Sklar pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him is denied.

A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Suchmacher v Manana Grocery*, 73 AD3d 1017 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]).

On a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only

whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

"The elements of a cause of action [alleging] fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). A corporate officer may be held personally liable for a fraudulent act committed in his or her capacity as a corporate officer provided that the officer personally participated in the misrepresentation or had actual knowledge of it (*see Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 44 [1980]; *Buxton Mfg. Co. v Valiant Moving & Stor.*, 239 AD2d 452, 454 [1997]; *I. Towjer, Inc. v Tarran*, 236 AD2d 518, 519 [1997]).

As to that branch of the motion of the defendant Paul Sklar which was pursuant to CPLR 3211 (a) (1), his submissions either were not "documentary evidence" within the meaning of CPLR 3211 (a) (1) or did not utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*see Fontanetta v John Doe 1*, 73 AD3d at 83-86).

As to that branch of Sklar's motion which was pursuant to CPLR 3211 (a) (7), in addressing the allegations made in the second amended complaint that he personally participated in the fraud, Sklar's affidavit failed to demonstrate that these allegations were "not . . . fact[s] at all" (*Guggenheimer v Ginzburg*, 43 NY2d at 275).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have denied Sklar's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.