■ DENISE SMITH, Respondent, v POTTERY KING, INC., et al., Defendants, and JOSEPH KING, SR., Appellant. [4 NYS3d 62]—

In an action to recover damages for personal injuries, the defendant Joseph King, Sr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated January 24, 2013, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Joseph King, Sr., which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him is granted.

On April 21, 2006, the defendant Richard Cullen, a driver for the defendant Pottery King, Inc. (hereinafter Pottery King), and an employee of a corporation in which Joseph King, Sr., was a principal, was driving a vehicle owned by Pottery King when he collided with a vehicle owned and operated by the plaintiff at an intersection in Queens County.

By summons and verified complaint, the plaintiff commenced this action to recover damages for personal injuries against Pottery King and Cullen. The plaintiff subsequently served a supplemental summons and amended verified complaint (hereinafter the complaint) adding King as a defendant. The cause of action concerning King alleged that he was liable for the actions of Cullen under the doctrine of respondeat superior, and that he was negligent in the hiring, training, and supervision of Cullen. King, inter alia, moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for

failure to state a cause of action. The Supreme Court denied that branch of King's motion.

"In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sinensky v Rokowsky*, 22 AD3d 563, 564 [2005]). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see* CPLR 3211 [c]; *Simos v Vic-Armen Realty, LLC*, 92 AD3d 760 [2012]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Simos v Vic-Armen Realty, LLC*, 92 AD3d 760 [2012]; *Sokol v Leader*, 74 AD3d at 1182).

Here, the Supreme Court should have granted that branch of King's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. Contrary to the allegations of the complaint, the evidence submitted on the motion demonstrated that Cullen was an employee of the corporation in which King was a principal and not an employee of King individually. The evidence further demonstrated that Cullen was performing work pursuant to his corporate employment at the time of the accident. Accordingly, there can be no liability on the part of King under the doctrine of respondeat superior (*see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Ammirati v Arias*, 111 AD3d 771 [2013]; *Begley v City of New York*, 111 AD3d 5, 28 [2013]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.