(May 13, 2015)

■ EMETA ALLEN et al., Appellants, v JOSUE ECHEVERRIA et al., Defendants, and ONE WEST BANK, FSB, Respondent. [11 NYS3d 170]—

In an action, inter alia, to recover damages for nuisance, breach of quiet enjoyment, negligence, and trespass, the plaintiffs appeal from an order of the Supreme Court, Kings

County (Vaughan, J.), dated April 2, 2014, which granted the motion of the defendant One West Bank, FSB, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant One West Bank, FSB, which were pursuant to CPLR 3211 (a) to dismiss the first, third, and fourth causes of action insofar as asserted against it, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs payable to the plaintiffs by the defendant One West Bank, FSB.

The plaintiffs own certain real property in Brooklyn which is adjacent to, and shares a "party wall" with, property allegedly owned, operated, and controlled by the defendants (hereinafter the defendants' property). On April 13, 2010, a fire occurred at the defendants' property, damaging the roof. The defendants' property remained exposed to the elements for several years, and sustained extensive damage, which allegedly resulted in damage to the plaintiffs' property.

In 2013, the plaintiffs commenced this action against the defendants, asserting four causes of action, which alleged (1) nuisance, (2) breach of quiet enjoyment, (3) negligence, and (4) trespass. The plaintiffs allege that the defendant One West Bank, FSB (hereinafter One West), was a mortgagee in possession of the defendants' property, and thus controlled, or had a duty to control, that property.

Prior to serving an answer, One West moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7), asserting that it owed no duty to the plaintiffs. The plaintiffs opposed the motion, alleging that during the process of his personal bankruptcy filing and eventual discharge, and prior to the aforementioned fire, the defendant Josue Echeverria surrendered the defendants' property to One West. The plaintiffs contend that, as a mortgagee in possession, One West had a duty to repair the defendants' property. The Supreme Court granted One West's motion to dismiss the complaint insofar as asserted against it, concluding that One West was not the owner of the defendants' property and did not owe a duty of care to the plaintiffs. The plaintiffs appeal.

A motion to dismiss pursuant to CPLR 3211 (a) (1) may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Bodden v*

*Kean*, 86 AD3d 524, 526 [2011]; *Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 796 [2011]). While the documentary evidence submitted by One West established that it did not own the defendants' property at any relevant time (*see* Real Property Law § 291; *Ortega v Liberty Holdings, LLC*, 111 AD3d 904 [2013]; *Vitale v Witts*, 93 AD3d 714 [2012]), that evidence did not "utterly refute" the plaintiffs' contention that One West had a duty based on its status as a mortgagee in possession. In fact, the documents, which establish ownership, did not address the plaintiffs' contention regarding One West's alleged status as a mortgagee in possession (*see YDRA, LLC v Mitchell*, 123 AD3d 1113 [2014]; *Biro v Roth*, 121 AD3d 733 [2014]). Accordingly the Supreme Court erred in granting the motion insofar as it sought dismissal of the complaint pursuant to CPLR 3211 (a) (1).

"In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012]; *see Smith v Pottery King, Inc.*, 125 AD3d 753 [2015]). "Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*YDRA, LLC v Mitchell*, 123 AD3d at 1114, citing *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Smith v Pottery King, Inc.*, 125 AD3d 753 [2015]; *Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012]; *Sokol v Leader*, 74 AD3d 1180, 1182 [2010]).

Here, the Supreme Court properly granted that branch of One West's motion which was to dismiss the cause of action alleging breach of quiet enjoyment. However, the court should not have granted those branches of the motion which were to dismiss the causes of action alleging nuisance, negligence, and trespass. The plaintiffs' contention that One West was a mortgagee in possession has not been shown to be "not a fact at all" (*Guggenheimer v Ginzburg*, 43 NY2d at 275). If One West were, in fact, a mortgagee in possession, it was "bound to employ the same care and supervision over the mortgaged premises that a reasonably prudent owner would exercise in

relation to his [or her] own property; he [or she] is bound to make reasonable and needed repairs, and is responsible for any loss or damage occasioned by his willful default or gross neglect in this regard" (*Mortimer v East Side Sav. Bank*, 251 App Div 97, 100 [1937]; *see Gonzalez v Demasters*, 252 AD2d 540 [1998]). Thus, the complaint, as augmented by the affidavit of the plaintiff Emeta Allen, which was submitted in opposition to the motion to dismiss (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *cf Bannister v Agard*, 125 AD3d 797 [2015]), properly set forth causes of action alleging nuisance, negligence, and trespass, and the plaintiffs have causes of action sounding in nuisance, negligence, and trespass.

One West's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of One West's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action insofar as asserted against it for failure to state a cause of action, but should have denied those branches of the motion which were to dismiss the first, third, and fourth causes of action insofar as asserted against it. Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.