■ Kyle Rathje, Appellant, v John Tomitz et al., Respondents. [10 NYS3d 285]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 1, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action other than those which sought to impose liability upon the defendants on the theory of piercing the corporate veil of nonparty Lindy's Fleet Service, Inc., or any other corporation, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The defendant John Tomitz is the president and sole shareholder of Lindy's Fleet Service, Inc. (hereinafter Fleet Service), a New York corporation. Fleet Service was the registered owner of a certain taxicab (hereinafter the subject taxi). Tomitz is also a shareholder of various other "corporate transportation entities," including the defendant JTE Enterprises, Inc. (hereinafter JTE).

The plaintiff, Kyle Rathje, alleges that, on July 17, 2009, he was injured after the motorcycle that he had been operating hit a tire that had fallen off the subject taxi and onto a public thoroughfare. In a prior action commenced by Rathje (hereinafter the prior action), in which he named Fleet Service as one of the defendants, Rathje sought damages based on the alleged failure of Fleet Service and its driver to properly maintain the subject taxi. While the prior action was pending, Rathje commenced the instant action against Tomitz and JTE, among others.

In this action, Rathje seeks damages based on numerous theories, including that "[Tomitz] and the corporations over which he exercised complete . . . control . . . launched an instrument of harm in the form of [the subject taxi, which was] dangerous, disrepaired [sic], damaged and defective." The complaint in the instant action also alleges that the numerous vehicles owned by various Tomitz-related corporations were "maintained and repaired at a facility owned and/or operated by one or more corporate entities over which [Tomitz] exercised complete dominion and control."

The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint in the instant action for failure to state a cause of action. The motion was supported by Tomitz's affidavit, which referred to documents showing that the subject taxi was, at the time of the accident, owned by Fleet Service. However, the motion was not supported by any competent evidence as to exactly where, or by whom, the vehicles owned by any of the apparently multiple Tomitz-related corporations were serviced or repaired. The defendants argued that the

instant action was, in effect, one in which Rathje was actually and prematurely seeking to obtain relief that could only be obtained in the context of enforcing and satisfying any judgment that he may eventually obtain against Fleet Service in the prior action.

In opposition, Rathje asserted that the defendants had "confuse[d] dismissal for failure to state a cause of action with summary judgment," and that the defendants had completely failed to demonstrate that he "has not stated a valid cause of action." Counsel for Rathje also produced a printout of what he claimed was a "web site," one portion of which indicated that the vehicles associated with an entity identified as "Lindy's Taxi" are maintained in "service centers" owned or operated by a related entity. Rathje contended that there were triable issues of fact as to the "ownership and maintenance" of the vehicles owned by Tomitz-related corporations.

The Supreme Court granted the defendants' motion, and directed the dismissal of the entire complaint in the instant action, holding, in essence, that Rathje failed to establish a basis upon which to "pierce the corporate veil," citing, among other cases, *Matter of Morris v New York State Dept. of Taxation & Fin.* (82 NY2d 135 [1993]). We modify.

"In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012] [internal quotation marks omitted]; *see Smith v Pottery King, Inc.*, 125 AD3d 753 [2015]). Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, "the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*YDRA, LLC v Mitchell*, 123 AD3d 1113, 1114 [2014], citing *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Smith v Pottery King, Inc.*, 125 AD3d 753 [2015]; *Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012]; *Sokol v Leader*, 74 AD3d 1180, 1182 [2010]).

Here, Tomitz's affidavit falls short of establishing, conclusively, that Rathje has no cause of action. The affidavit completely fails to address Rathje's allegation that the subject

taxi was not "roadworthy." The affidavit, while offering conclusory statements, did not supply competent evidence as to which of the various defendants, if any, might have had a duty to maintain, or might in fact have maintained, the offending taxi prior to the accident. Indeed, Tomitz's conclusory statements are completely unsupported with evidence or specific factual references (*see Enos v Werlatone, Inc.*, 68 AD3d 713, 714 [2009]; *Morales v Westchester Stone Co., Inc.*, 63 AD3d 805 [2009]) and, hence, are of no probative force (*see Dmytryszyn v Herschman*, 98 AD3d 715 [2012]).

Both Tomitz's affidavit and defense counsel's affirmation suggest that the complaint in the instant action is based entirely on the theory that Fleet Service is actually the alter ego of Tomitz and other Tomitz-related entities, and that, accordingly, Tomitz and those entities can only be held liable if Rathje successfully pierces the corporate veil of Fleet Service. While we agree with the Supreme Court that the complaint fails to adequately allege that Tomitz "abused the privilege of doing business in the corporate form [and] *thereby* perpetrat[ed] a wrong that resulted in injury" to Rathje (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126 [2009], *affd* 16 NY3d 775 [2011] [emphasis added]; *see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339-340 [1998]; *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 140), we conclude that the theories of liability articulated in the complaint are not based exclusively on the need to pierce Fleet Service's corporate veil. Where, as here, an action is based essentially on allegations of negligent maintenance of a motor vehicle, the class of potentially liable defendants is not limited to the operator or registered owner of the offending vehicle (*see e.g. Bah v Benton*, 92 AD3d 133 [2012]; *Scordo v Costco Wholesale Corp.*, 77 AD3d 725 [2010]). Thus, we reject the defendants' contention that if Fleet Service and the operator of the subject taxi are found to be free from liability in the prior action, the imposition of liability against the defendants in this action, based on a theory of negligent maintenance, would necessarily be precluded.

For these reasons, the Supreme Court should have directed the dismissal only of those causes of action as were based on the theory that the defendants may be held liable upon piercing Fleet Service's corporate veil, or upon piercing the corporate veil of any other Tomitz-related entity. Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were to dismiss the causes of action other than those which were premised upon the piercing of a

corporate veil, including those which sought to impose liability directly on the defendants, based on the allegedly negligent maintenance of the subject taxi, JTE's alleged ownership of the subject taxi, the alleged creation of a public nuisance, and the alleged negligence of the driver of the subject taxi in failing to properly respond to the detachment of the tire. Since the defendants' motion was not directed to any particular cause of action, but to the complaint in its totality, and the defendants limited their argument to the issue of piercing the corporate veil, the Supreme Court did not address the issue of whether the Rathje stated or had a cause of action based on these other theories, and we decline to do so as well. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.