■ ANNEMARIE MARTINELLO, Appellant, v JOHN TOMITZ et al., Respondents. [9 NYS3d 645]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 1, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action other than those which sought to impose liability upon the defendants on the theory of piercing the corporate veil of nonparty Lindy's Fleet Service, Inc., or any other corporation, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff, Annemarie Martinello, alleges that, on July 17, 2009, she was injured after the motorcycle on which she was a passenger hit a tire that had fallen off a taxicab (hereinafter the subject taxi) owned by Lindy's Fleet Service, Inc. (hereinafter Fleet Service), a corporation of which the defendant John Tomitz was the president and sole shareholder. Martinello had commenced a prior action against Fleet Service and the driver of the subject taxi, among others, and she later commenced the instant action against Tomitz, among others. Both actions are based, in part, on allegations that the subject taxi was not properly maintained, that the defendants negligently allowed a dangerous and defective vehicle to be operated on the public highways, and that the subject taxi was not "roadworthy." Kyle Rathje, the operator of the motorcycle, who was also allegedly injured as a result of the accident, has also commenced two successive actions that essentially parallel those commenced by Martinello.

For the reasons stated in *Rathje v Tomitz* (128 AD3d 1041 [2015] [decided herewith]), we conclude that the complaint in the instant action states cognizable causes of action against the defendants based, inter alia, on allegations of negligent vehicle maintenance (*cf. Khan v MMCA Lease, Ltd.*, 100 AD3d 833 [2012]). The Supreme Court should have directed the dismissal only of those causes of action as were based on the theory that the defendants may be held liable upon piercing Fleet Services's corporate veil, or upon piercing the corporate veil of some other corporation (*see id.*). Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.