■ JUDY FRIEDMAN et al., Appellants, v NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, Respondent. [40 NYS3d 451]—

In an action, in effect, to recover damages for breach of

contract and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 21, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the amended complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs were trustees of several life insurance trusts that held life insurance policies. The plaintiffs commenced this action, in effect, to recover damages for breach of an alleged agreement to extend Access Plus loans on the life insurance policies to the plaintiffs, and for a judgment declaring, inter alia, that they were entitled to Access Plus loans on the policies. The defendant moved pursuant to CPLR 3211 (a) to dismiss the amended complaint. In an order dated May 21, 2014, the Supreme Court granted the defendant's motion.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true" (*24 Franklin Ave. R.E. Corp. v Cannella*, 139 AD3d 717, 717 [2016]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*YDRA, LLC v Mitchell*, 123 AD3d 1113, 1113-1114 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Here, the plaintiffs alleged that when the policies were initially offered, the defendant "agreed that if certain conditions were met, the policies would be eligible for a policy preservation program called Access Plus," and that the defendant "improperly denied" their subsequent applications for Access Plus loans, which were extended to "some policyholders but not others within the same class" in violation of Insurance Law § 4224. However, the defendant presented evidence that the policies contained no reference to the Access Plus loan program, which was not in existence at the time the policies were issued, and that the policies provided that "[t]he entire contract consists of this policy." Thus, the evidence submitted by the defendant established that a material fact as alleged by the plaintiffs was not a fact at all and that the plaintiffs did not have a cause of action for a judgment declaring that the

plaintiffs are entitled to Access Plus loans or to recover damages for breach of an alleged agreement to extend those loans (*see Rathje v Tomitz*, 128 AD3d 1041, 1043-1044 [2015]; *Doria v Masucci*, 230 AD2d 764, 765-766 [1996]). Further, the Supreme Court properly determined that there is no private right of action, express or implied, under Insurance Law § 4224 (*see Sparkes v Morrison & Foerster Long-Term Disability Ins. Plan*, 129 F Supp 2d 182, 187-189 [ND NY 2001]; *cf. Maimonides Med. Ctr. v First United Am. Life Ins. Co.*, 116 AD3d 207 [2014]; *see generally Kantrowitz v Allstate Indem. Co.*, 48 AD3d 753 [2008]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the amended complaint. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.