Paolo Pesce and Adriana Pesce, Appellants,
against
Richard J. Leimsider and Lydia Leimsider, Respondents, and Conney Home Inspectors, LLC, Defendant.




Robert J. Adinolfi, Esq., for appellants.
Richard J. Leimsider and Lydia Leimsider, respondents pro se.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Lizette Colon, J.), entered June 11, 2015. The order converted a motion by defendant Richard J. Leimsider to dismiss the complaint pursuant to CPLR 3211 (a) into a motion for summary judgment and, upon conversion, granted summary judgment dismissing the complaint insofar as asserted against defendant Richard J. Leimsider and, in effect, sua sponte, granted summary judgment dismissing the complaint insofar as asserted against defendant Lydia Leimsider.




ORDERED that, on the court's own motion, the notice of appeal from so much of the order as, in effect, sua sponte, granted summary judgment dismissing the complaint insofar as asserted against defendant Lydia Leimsider is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order is reversed, without costs, the motion by defendant Richard J. Leimsider to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) is denied, so much of the order as, in effect, sua sponte, dismissed the complaint insofar as asserted against defendant Lydia Leimsider is vacated, and the complaint, insofar as asserted against defendants Richard J. Leimsider and Lydia Leimsider, is reinstated.
In August 2010, plaintiffs purchased a one-family house from Richard J. Leimsider and Lydia Leimsider (defendants). At the closing, defendants' representative gave plaintiffs a $500 [*2]credit in lieu of a Property Condition Disclosure Statement, in accordance with Real Property Law § 465. Shortly after the closing, plaintiffs discovered water damage and rotted wood behind some of the walls of the premises. In December 2010, plaintiffs commenced this action in the Supreme Court, Richmond County, alleging in their complaint that defendants [FN1]
had concealed certain water damage within the walls of the premises, which had caused them to spend substantial amounts on repairs. In November 2013, the action was transferred to the Civil Court, Richmond County, pursuant to CPLR 325 (d).

In March 2015, defendant Richard J. Leimsider moved, pro se,[FN2]
to dismiss the complaint insofar as asserted against him "pursuant to CPLR 3211 (a)" on the ground that "law existing at the time of the Original Claim, legal precedent, and the vague, erroneous and ambiguous wording of the Verified Claim denies Plaintiffs both standing and veracity in their action." Plaintiffs opposed the motion, submitting an affidavit of plaintiff Adriana Pesce, various photographs she had taken, and a copy of an engineer's report detailing the results of an August 17, 2010 inspection of the premises, which had been performed for the purposes of evaluating the damage caused by water penetration. In an order entered June 11, 2015, the Civil Court determined that the motion was premised on plaintiffs' failure to state a cause of action, pursuant to CPLR 3211 (a) (7), but converted the motion to dismiss into a motion for summary judgment, pursuant to CPLR 3211 (c), stating that it could do so without notice since the parties had made it "unequivocally clear that they are laying bare their proof and deliberately charting a summary judgment course" by submitting extensive documentary evidence, factual affidavits and an expert report, citing One Monroe, LLC v City of New York (89 AD3d 812, 813 [2011]; see also Four Seasons Hotels v Vinnik,127 AD2d 310, 320 [1987]). The court thereupon granted summary judgment dismissing the complaint insofar as asserted against defendant Richard J. Leimsider [*3]and, in effect, sua sponte, granted summary judgment dismissing the complaint insofar as asserted against defendant Lydia Leimsider. 

The portion of the order that, in effect, sua sponte, granted summary judgment dismissing the complaint insofar as asserted against defendant Lydia Leimsider is not appealable as of right, as no appeal as of right lies from the portion of an order which is decided sua sponte (see CCA 1702 [a] [2]; Sholes v Meagher, 100 NY2d 333 [2003]). We nevertheless deem the notice of appeal from that portion of the order to be a motion for leave to appeal and grant such leave (see CCA 1702 [c]).

CPLR 3211 (c) permits a court, in its discretion, to treat a CPLR 3211 (a) motion to dismiss as a motion for summary judgment "after adequate notice to the parties." Although the notice requirement may be dispensed with where the parties have made it "unequivocally clear that they are laying bare their proof and deliberately charting a summary judgment course" (Four Seasons Hotels v Vinnik,127 AD2d at 320), this exception to the notice requirement is not applicable here because the parties' evidentiary submissions were not so extensive as to indicate that they were laying bare their proof (see Patel v Primary Constr., LLC, 115 AD3d 834 [2014]). Plaintiffs "were not put on notice of their obligation to make a complete record and to come forward with any evidence that could possibly be considered" (Nonnon v City of New York, 9 NY3d 825, 827 [2007]). Indeed, had plaintiffs been given notice that the motion to dismiss was going to be treated as a summary judgment motion, they might have asked for an opportunity to depose defendants (see e.g. Wesolowski v. St. Francis Hosp., 108 AD3d 525 [2013]) or secured an affidavit from the engineer who had conducted the postclosing inspection, rather than submitting his unsworn report, as they did in opposition to the CPLR 3211 motion. Consequently, in the absence of adequate notice by the Civil Court to treat the motion to dismiss as a motion for summary judgment, and as the papers submitted do not demonstrate that the parties were laying bare their proof and deliberately charting a summary judgment course, the Civil Court erred in converting the motion to dismiss into a motion for summary judgment.

However, since, on appeal, the parties have briefed the merits of the motion, in lieu of remitting the motion to the Civil Court for a new determination, we will review the motion by Richard J. Leimsider in the interest of judicial economy (see e.g. Fedele v Qualified Personal Residence Trust of Doris Rosen Margett, 137 AD3d 965 [2016]) and, in so doing, apply the standards applicable to a motion to dismiss pursuant to CPLR 3211 (a) (7).

Upon a motion to dismiss pursuant to CPLR 3211 (a) (7), a court is limited to examining the complaint to determine whether it states a cause of action, accepting facts alleged as true and interpreting them in the light most favorable to the plaintiff (see Miglino v Bally Total Fitness of Greater NY, Inc., 20 NY3d 342, 351 [2013]; Friedman v New York Life Ins. & Annuity Corp., 143 AD3d 939 [2016]). A plaintiff "may not be penalized for failure to make an evidentiary showing in support of a complaint that states a claim on its face" (Miglino v Bally Total Fitness of Greater NY, Inc., 20 NY3d at 351, citing Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]); rather, a plaintiff may stand on its pleading alone to state all the necessary elements of a cognizable cause of action (see Rovello v Orofino Realty Co., 40 NY2d at 635). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman Sachs & Co., 5 NY3d 11, 19 [2005]).

Here, the facts, as alleged in the complaint, although inartfully worded, demonstrate that [*4]plaintiffs have a cognizable cause of action against Richard J. Leimsider based upon his alleged concealment of a latent defect, i.e., the water condition, in the home they purchased from him. As Richard J. Leimsider failed to show that plaintiffs do not have a cognizable cause of action, his motion to dismiss the complaint insofar as asserted against him should have been denied.

We note that, contrary to Richard J. Leimsider's contention, notwithstanding plaintiffs' acceptance of a $500 credit in lieu of defendants' failure to provide plaintiffs with a Property Condition Disclosure Statement, plaintiffs are not precluded from pursuing a claim for active concealment of a defect, since Real Property Law § 467 provides that nothing contained in the Property Condition Disclosure Act (Real Property Law art 14) "shall be construed as limiting any existing legal cause of action or remedy at law, in statute or in equity" (see Delano v USA Home Inspection Servs., 15 Misc 3d 142[A], 2007 NY Slip Op 51076[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).

Accordingly, the order is reversed, the motion by defendant Richard J. Leimsider to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) is denied, so much of the order as, in effect, sua sponte, dismissed the complaint insofar as asserted against defendant Lydia Leimsider is vacated, and the complaint, insofar as asserted against defendants Richard J. Leimsider and Lydia Leimsider, is reinstated.

WESTON and ELLIOT, JJ., concur.

PESCE. P.J., taking no part.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: March 02, 2018



Footnotes

Footnote 1:Although the action had been commenced against the Leimsiders as well as Conney Home Inspectors, LLC (Conney), which had conducted an inspection of the premises prior to the closing, the action was settled and discontinued as against Conney in March 2011.

Footnote 2:The motion to dismiss is purportedly made on behalf of both defendants, Richard J. Leimsider and Lydia Leimsider, but only Richard J. Leimsider signed the notice of motion and the supporting affirmation. Since a person not licensed to practice law in New York may not appear pro se on behalf of a litigant as an attorney-in-fact, as that constitutes the unauthorized practice of law (see CPLR 321; Whitehead v Town House Equities, Ltd., 8 AD3d 369, 370 [2004]), the motion giving rise to the order appealed from is deemed to have been made only by defendant Richard J. Leimsider.