■ 107 REALTY CORP. et al., Appellants, v NATIONAL PETROLEUM U.S.A., LTD., et al., Respondents, et al., Defendant.—In an action, *inter alia,* to recover rent due under a sublease for premises located in Lake Ronkonkoma and under a lease for premises located in Bay Shore, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 28, 1990, as granted the respondents' motions pursuant to CPLR 3211 to dismiss the tenth through fifteenth causes of action asserted in the complaint.

Ordered that the order is modified, by deleting the provisions thereof which granted those branches of the motions which were to dismiss the tenth, eleventh, thirteenth and fourteenth causes of actions, and substituting therefor provisions denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In their complaint, the plaintiffs 107 Realty Corp. and Bartco Petroleum Corp. asserted 15 causes of action. The tenth and thirteenth causes of action seek to impose liability upon all the corporate defendants and the eleventh and fourteenth causes of action seek to impose liability upon the

individual defendants Edward B. Dickenson and Refik Peksen, for the alleged contractual obligations of the defendants Ocean International, Inc., and D & P Realty of Holbrook, Inc. These four causes of action are essentially predicated on the theory of "piercing the corporate veil". The twelfth and fifteenth causes of action sound in fraud.

The tenth and thirteenth causes of action allege that the defendants Ocean International, Inc., and D & P Realty of Holbrook, Inc., were undercapitalized and the assets of those corporations were intermingled with those of the other corporations so that the liability of Ocean International, Inc., and D & P Realty of Holbrook, Inc., may be imposed upon the other corporate defendants. The eleventh and fourteenth causes of action allege that the individual defendants Dickenson and Peksen are "actually doing business of the corporate defendants in their individual capacities, shuttling their personal funds in and out of the corporations without regard to formality and to suit their convenience * * * so as to completely dominate and control the corporate defendants". The allegations in these causes of action are sufficient to withstand a motion to dismiss pursuant to CPLR 3211 *(see, Walkovszky v Carlton,* 18 NY2d 414, 420; *Menaker v Alstaedter,* 134 AD2d 412, 413).

However, the twelfth and fifteenth causes of action, which allege that the respondents entered into the leases in question knowing that the defendants Ocean International, Inc., and D & P Realty of Holbrook, Inc., were undercapitalized, and that the respondents transferred the assets of those corporations, leaving them insolvent, are insufficient to make out causes of action sounding in fraud *(see,* CPLR 3016 [b]). The plaintiffs have neither alleged a knowing misrepresentation of a material fact, nor detrimental reliance thereon *(see, Reno v Bull,* 226 NY 546, 550). Furthermore, the allegations are stated in vague and conclusory terms, and are insufficient to meet the pleading requirements set forth in CPLR 3016 (b) *(see, Lanzi v Brooks,* 43 NY2d 778, 780). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.