■ CHAIM GREENFIELD, Respondent, v BENJAMIN ROSENSTARK, Appellant, et al., Defendants. [651 NYS2d 180] —In an action to recover damages for negligent misrepresentation and fraud, the defendant Benjamin Rosenstark appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 24, 1995, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action against the accountants and the accounting firm that had prepared certain financial statements upon which he claims to have relied in giving a mortgage loan to a partnership in exchange for the partners' personal guarantees. The plaintiff contends that the partners are insolvent and the debt owed to him remains unpaid. After the court denied the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), the defendant Benjamin Rosenstark moved *pro se* for summary judgment.

The Supreme Court properly denied the appellant's motion for summary judgment. "Before accountants may be held liable in negligence to noncontractual parties who rely to their detriment on inaccurate financial reports, certain prerequisites must be satisfied: (1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance" (*Credit Alliance Corp. v Andersen & Co.*, 65 NY2d 536, 551; *see also, Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73

NY2d 417, 424; *Prudential Ins. Co. v Dewey, Ballantine, Busby, Palmer & Wood*, 80 NY2d 377).

Here, contrary to the appellant's contention that the plaintiff has not set forth any evidence to support his claims for negligent misrepresentation, the affidavit of David Silberstein, one of the partners who guaranteed the loan, originally submitted in opposition to the defendants' motion to dismiss, supports the plaintiff's allegation that the statements were specifically prepared for the purpose of satisfying the plaintiff's request for such statements and inducing him to make the loan. Moreover, summary judgment is inappropriate where, as here, the facts governing the resolution of material issues are within the exclusive knowledge of the proponent of the motion, the opponent of the motion cannot independently discover such facts, and the opponent of the motion has acted diligently in attempting to obtain pretrial discovery (*see, Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194; *Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.*, 168 AD2d 121, 137).

The appellant's contention that the Supreme Court should have granted him summary judgment on the plaintiff's fraud claim is also without merit (*see, Lanzi v Brooks*, 43 NY2d 778, 780; *Jered Contr. Corp. v New York City Tr. Auth.*, *supra*, at 194). Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.