■ LAKEVILLE PACE MECHANICAL, INC., et al., Respondents, v ELMAR REALTY CORP. et al., Defendants, R & J CONSTRUCTION CORPORATION et al., Respondents, and STATE BANK OF LONG ISLAND et al., Appellants. [714 NYS2d 338] —In an action, *inter alia,* to foreclose mechanics' liens, (1) the defendant State Bank of Long Island appeals from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated June 21, 1999, as denied its motion pursuant to CPLR 3211 to dismiss the complaint and all cross claims insofar as asserted against it, (2) the defendant Howard M. Lorber Irrevocable Trust separately appeals from so much of the same order as denied its motion pursuant to CPLR 3211 to dismiss the complaint and all cross claims insofar as asserted against it, and (3) the defendants Charles D. Raich, Ellis Ende, Gerard North, Eric Lerner, Larry Wilk, Norman S. Malter, and Raich Ende Malter Lerner & Co. separately appeal from so much of the same order as denied their motion pursuant to CPLR 3211 to dismiss

the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the motion of the defendant State Bank of Long Island which were to dismiss the causes of action and cross claims to recover damages for breach of contract, breach of the covenant of good faith and fair dealing, fraud, and lender liability insofar as asserted against it, and substituting therefor a provision granting those branches of the motion, (2) deleting the provision thereof denying those branches of the motion of the defendant Howard M. Lorber Irrevocable Trust which were to dismiss the cross claims to recover damages for constructive trust, tortious interference with contract, and unjust enrichment insofar as asserted against it, and substituting therefor a provision granting those branches of the motion, and (3) deleting the provision thereof denying that branch of the motion of the defendants Charles D. Raich, Ellis Ende, Gerard North, Eric Lerner, Larry Wilk, Norman S. Malter, and Raich Ende Malter Lerner & Co. which was to dismiss the cause of action to recover damages for fraud insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Elmar Realty Corp. (hereinafter Elmar) was the developer of a medical and physical rehabilitation facility known as The Sunrise Center for Wellness, Rehabilitation and Orthopedic Surgery (hereinafter The Sunrise Center). The defendant State Bank of Long Island (hereinafter the Bank) provided the initial construction financing in the amount of $3,500,000. In connection with the construction loan, mortgages were recorded against the property. After construction commenced, Elmar experienced financial difficulties and all work on the project stopped. As part of an attempt to revive the project and obtain further financing, the defendants Charles D. Raich, Ellis Ende, Gerard North, Eric Lerner, Larry Wilk, Norman S. Malter, and Raich Ende Malter Lerner & Co. (hereinafter the Raich Ende defendants), were engaged by The Sunrise Center, *inter alia*, to project financial statements for the first five years of operation.

It is alleged that as a result of the representations made by the Raich Ende defendants concerning the projected future cash flow of The Sunrise Center, certain contractors entered into an agreement, known as the Restart Agreement, to extend credit to Elmar and to complete construction. The contractors

included the plaintiffs and the defendants R & J Construction Corporation, Northgate Electric Corp., Dynair Corporation, Active Glass Corp., John McCoy & Son, Inc., Cannon Construction Company, Inc., and Director Door Corp. In return, the money owed to the contractors was to be secured by mortgages on the property. The mortgages were to be subordinate only to the Bank's mortgages and an anticipated future loan to be provided by the United States Small Business Administration (hereinafter SBA). However, less than one year later, Elmar obtained $500,000 additional financing from the defendant Howard M. Lorber Irrevocable Trust (hereinafter the Lorber Trust) and gave the Lorber Trust a mortgage on the property. The mortgage contained the language required by section 13 of the Lien Law. The Bank agreed to subordinate its mortgages to that of the Lorber Trust.

The contractors allege that as a result of the creation of the Lorber Trust mortgage, the SBA declined to provide the essential permanent financing and the Bank failed to provide the full amount of its promised financing. Consequently, notwithstanding the completion of construction, the contractors never received their final payments. In early 1998 the contractors filed mechanics' liens against the property. Thereafter, this action was commenced, *inter alia*, to foreclose the liens. The appellants moved to dismiss the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motions and this appeal ensued.

On a motion to dismiss pursuant to CPLR 3211, the pleadings are to be afforded liberal construction, the facts alleged in the complaint are accepted as true, and the plaintiffs are accorded the benefit of every possible favorable inference, so long as the allegations are not bare or conclusory (*see, Leon v Martinez,* 84 NY2d 83, 87-88; *Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634; *Kantrowitz & Goldhamer v Geller,* 265 AD2d 529).

The Supreme Court erred in denying those branches of the Bank's motion which were to dismiss the causes of action and cross claims to recover damages for breach of contract, breach of the covenant of good faith and fair dealing, fraud, and lender liability insofar as asserted against it. There is no evidence in the record to support the allegations of an express or implied contract between the contractors and the Bank. The Bank was not a party to the Restart Agreement and the contractors were not third-party beneficiaries to the Bank's commitment letter. Agreements to provide financing do not require banks to advance funds outside the terms of their commitment, or to

guarantee full funding of a project (*see, Federal Deposit Ins. Corp. v Lefcon Partnership,* 250 AD2d 643; *Howard Sav. Bank v Lefcon Partnership,* 209 AD2d 473, 476). Since there can be no covenant of good faith and fair dealing implied where there is no contract, the cross claims based thereon must be dismissed (*see, Levine v Yokell,* 258 AD2d 296).

The cross claims based on fraud were not pleaded with sufficient particularity, since they did not articulate what representations were made by the Bank and how the alleged representations were fraudulent or otherwise injured the defendant contractors (*see, Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421-422; *107 Realty Corp. v National Petroleum U.S.A.,* 181 AD2d 817, 818). The contention that the Bank's domination and control over Elmar makes the Bank liable to the defendant contractors is without merit since it was not alleged how such domination and control was used to defraud or injure them.

The Supreme Court also erred in denying those branches of the motion of the Lorber Trust which were to dismiss the defendant contractors' cross claims to recover damages for constructive trust, tortious interference with contract, and unjust enrichment insofar as asserted against it. Because the cross claims for constructive trust failed to allege a confidential or fiduciary relationship between the defendant contractors and the Lorber Trust, they fail to state viable causes of action. Moreover, the record and the pleadings do not demonstrate that the Lorber Trust's alleged inducement of Elmar's breach of the contract with the defendant contractors was by illegal or improper means or with malice toward them, and accordingly the cross claims to recover damages for tortious interference with contract must fail (*see, Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682, 686-687). Lastly, any benefit received by the Lorber Trust as a result of the defendant contractors' completed performance was incidental to the defendant contractors' obligations to Elmar. Since the defendant contractors performed at the behest of Elmar rather than the Lorber Trust, they must look to Elmar for recovery. Accordingly, the defendant contractors may not recover on a theory of unjust enrichment as against the Lorber Trust (*see, Kagan v K-Tel Entertainment,* 172 AD2d 375, 376).

The Supreme Court also erred in denying the branch of the motion of the Raich Ende defendants which was to dismiss the cross claims to recover damages for fraud insofar as asserted against them. The defendant contractors established the existence of a sufficient nexus with the Raich Ende defendants to

demonstrate their awareness of the defendant contractors' reliance on their representations such that the claims will stand (*see, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536; *Security Pac. Bus. Credit v Peat Marwick Main & Co.,* 79 NY2d 695; *Greenfield v Rosenstark,* 234 AD2d 511). However, the allegations of fraud merely added that the Raich Ende reports and representations were false and made with the intent to deceive the defendant contractors. The additional allegations are too conclusory to satisfy the pleading requirements in an action to recover damages for fraud (*see,* CPLR 3016 [b]; *Credit Alliance Corp. v Andersen & Co., supra*; *107 Realty Corp. v National Petroleum U.S.A., supra*).

The Lorber Trust failed to appeal from so much of the order as granted the motion of the defendant Ryder Construction, Inc., for leave to amend its answer to assert a cross claim against it. Thus, the argument of Lorber Trust that the court erred in granting that motion is not properly before us (*see, City of Mount Vernon v Mount Vernon Hous. Auth.,* 235 AD2d 516, 517).

The appellants' remaining contentions are without merit. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.