Malone Jr., J.
Appeal from an amended order of the Supreme Court (Hummel, J.), entered October 4, 2011 in Rensselaer County, which, among other things, partially denied defendants’ motion to dismiss the complaint.
In February 2004, defendants entered into a contract with plaintiffs to purchase plaintiffs’ property located in Rensselaer County. The contract required defendants to make a down payment prior to closing and then to pay a monthly amount for 20 years, at the end of which time the remaining balance was to be paid in full and defendants would receive a warranty deed to the property. Defendants were also required to pay the real property taxes and the cost of any repairs and maintenance to the property, and maintain relevant insurance policies. The contract contained a clause whereby, in the event of defendants’ default, plaintiffs could demand payment of the remainder of the agreed-upon purchasé price and, if defendants refused to pay, any monthly payments made prior to the default would be deemed rent and the agreement to purchase the property would be terminated. In addition, the parties entered into an agreement for defendants’ purchase of plaintiffs’ furniture and other miscellaneous items.
In November 2010, defendants provided written notice to plaintiffs that they were unable to make further monthly payments, admitted default for the payments due in October and November 2010, and stated that they had vacated the property. Concurrently, plaintiffs provided written notice to defendants of the default in the payment of the monthly payments, late fees, real property taxes and insurance premiums and demanded payment and proof of payment of all amounts, including an unpaid balance of the furniture purchase agreement. Plaintiffs also informed defendants that they were exercising their option in the contract to accelerate payment of the balance of the purchase price.
After defendants failed to comply with their request, plaintiffs commenced this breach of contract action in January 2011. In lieu of answering, defendants moved to dismiss the complaint, asserting that the action was barred by the terms of the contract. Plaintiffs opposed that motion and cross-moved for summary judgment. Based upon the language of the contract, Supreme Court partially granted defendants’ motion by dismissing the portions of the complaint seeking payment of late fees, additional rent, costs and counsel fees. The court partially granted plaintiffs’ cross motion for summary judgment after *1135 finding that, although the amounts remained a question of fact, defendants were liable for any unpaid property taxes, damage to the property, the cost of insurance, and any unpaid balance with respect to the furniture purchase agreement.[1] Defendants appeal.
Defendants contend that Supreme Court improperly granted plaintiffs’ motion for summary judgment with respect to liability and that, instead, the court should have fully granted their motion to dismiss the complaint because plaintiffs’ claims are barred by the documentary evidence. Such motion to dismiss succeeds when “the documentary evidence utterly refutes [the] plaintiff’s factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see CPLR 3211 [a] [1]; Mason v First Cent. Natl. Life Ins. Co. of NY., 86 AD3d 854, 855 [2011]).
Here, according to the unambiguous terms of the parties’ contract, after a default by defendants,[2] in the event that plaintiffs exercised their option to accelerate payment of the remaining balance of the purchase price and defendants failed to tender such payment, the “agreement, and all rights and obligations [t]herein, [would] become null and void.” In that situation, the contract expressly stated that plaintiffs would be “entitled to retain any and all monies paid by [defendants] to the date of default, and accruing thereafter, as liquidated damages.” In addition, the contract expressly stated that “neither party [would] have any other claim against the other for any obligations [t]herein.” Thus, pursuant to the plain language of the contract, by exercising their option to accelerate the balance owed at the time of defendants’ default, plaintiffs relinquished their right to bring any claim against defendants and accepted as their sole measure of damages as a result of the default the retention of all of the monies that had been paid out by defendants.[3] Thus, we cannot agree with Supreme Court’s finding that defendants’ default rendered the parties’ agreement null and void only with respect to defendants’ obligation to make the monthly installment payments, and that defendants remain liable for “ancillary amounts” such as insurance, taxes, maintenance and repairs. Rather, the plain language of the contract *1136 conclusively establishes that, under the circumstances presented here, all rights and obligations between the parties became null and void, which necessarily includes defendants’ obligation to pay those ancillary amounts. Accordingly, Supreme Court should have granted that part of defendants’ motion to dismiss the first and second causes of action (see Goshen v Mutual Life Ins. Co. of NY., 98 NY2d at 326; 30th Place Holdings, LLC v 474431 Assoc., 54 AD3d 753 [2008]).
Finally, we do not agree with Supreme Court that the document in the record entitled “Bill of Sale — Furniture & Lawn Mower” is part of the installment contract. On its face, the document represents a separate additional contract between the parties by which plaintiffs agreed to sell to defendants furniture and a lawn mower for $19,000, to be paid in full before December 1, 2004, and does not refer to the installment contract in any way (compare Bronxville Knolls v Webster Town Ctr. Partnership, 221 AD2d 248 [1995] [a mortgage and note that were negotiated and executed together will be considered to be an integrated contract to purchase real property]). Although plaintiffs allege in their complaint that defendants owe $4,100 on that bill of sale, there is insufficient proof in the record to establish as a matter of law whether defendants failed to satisfy their obligation pursuant to that agreement and the amount, if any, that they may owe to plaintiffs. Accordingly, that part of plaintiffs’ cross motion for summary judgment should have been denied and defendants’ motion to dismiss the third cause of action was properly denied.
Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs’ cross motion for summary judgment and denied that part of defendants’ motion to dismiss the first and second causes of action; plaintiffs’ cross motion denied to said extent, defendants’ motion granted to said extent and the first and second causes of action dismissed; and, as so modified, affirmed.

. Although plaintiffs’ cross motion for summary judgment was made prior to joinder of issue, defendants failed to register with Supreme Court any objection to that motion as untimely and that argument cannot be made for the first time on appeal (see e.g. Finsel v Wachala, 79 AD3d 1402, 1403 n 2 [2010]).

. There is no dispute that defendants were in default on the contract.

. This included the initial down payment as well as the monthly payments, which amounted to more than $200,000 over the course of six years.