■ CHANINA HEFTER, Also Known as CHUCK HEFTER, Appellant, v ELDERSERVE HEALTH, INC., Respondent. [22 NYS3d 454]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated October 7, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who was hired by the defendant, completed an employment application which was filed and retained by the defendant's human resources (hereinafter HR) firm. That application contained disclaimer language stating, among other things, that the applicant understood and acknowledged that "I will be hired as an employee for an indefinite period of time

and that either I [or the defendant] may terminate my employment at any time with or without cause." The application also stated that only a writing signed by the defendant's president and chief executive officer or by its chief operating officer could override that term. The application contains the plaintiff's signature below that paragraph.

In his complaint, the plaintiff does not mention the employment application, and alleges that he was hired pursuant to an oral agreement to render services to the defendant from January 25, 2012, through November 30, 2012. He further contends that, at the expiration of that term, the defendant approached him and hired him for a second term, from December 2, 2012, through October 31, 2013. The plaintiff did not produce a signed writing commemorating this agreement.

Approximately two months into the second alleged term of employment, the defendant terminated the plaintiff's services. The plaintiff commenced this action, alleging that he had an employment contract, and that the defendant breached that contract. The defendant moved to dismiss the action pursuant to CPLR 3211 (a) (1), relying on the plaintiff's employment application to establish that the plaintiff's employment was at will. In opposition, the plaintiff challenged the defendant's foundation for the application and attacked its authenticity. The plaintiff did not, however, deny having signed it, nor did he aver that the signature appearing on the application was not his own. The Supreme Court determined that the plaintiff's employment application established a complete defense to the complaint as a matter of law. Accordingly, the court granted the defendant's motion and dismissed the complaint pursuant to CPLR 3211 (a) (1). We affirm.

To prevail on a motion to dismiss pursuant to CPLR 3211 (a) (1), a party must come forward with documentary evidence which " 'utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Allen v Echeverria*, 128 AD3d 738, 739 [2015], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314 326 [2002]; *see Waterfalls Italian Cuisine, Inc. v Tamarin*, 119 AD3d 773, 775 [2014]; *Minovici v Belkin BV*, 109 AD3d 520, 522 [2013]; *Yue Fung USA Enters., Inc. v Novelty Crystal Corp.*, 105 AD3d 840, 841 [2013]). While the plaintiff remains entitled to a liberal construction of his or her pleadings, which are "accorded the benefit of every possible favorable inference," "bare or conclusory" allegations will not suffice (*Lakeville Pace Mech. v Elmar Realty Corp.*, 276 AD2d 673, 675 [2000]). "To be considered documentary evidence within the meaning of CPLR 3211 (a)

(1), the evidence must be unambiguous and of undisputed authenticity" (*Yue Fung USA Enters., Inc. v Novelty Crystal Corp.*, 105 AD3d at 841-842; *see Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 746-747 [2011]).

Here, contrary to the plaintiff's contention, the employment application submitted by the plaintiff to the defendant's HR firm was properly authenticated. The affidavit of Susan Aldrich, the defendant's executive vice president, and the individual who, according to the plaintiff's complaint, recruited and hired him, was adequate to authenticate the employment application submitted by the plaintiff to the defendant's HR firm. In response, the plaintiff's statements that the employment application was not authentic were insufficient to demonstrate that the employment application was not "unambiguous and of undisputed authenticity" (*Yue Fung USA Enters., Inc. v Novelty Crystal Corp.*, 105 AD3d at 841-842; *see Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d at 746-747; *Lakeville Pace Mech. v Elmar Realty Corp.*, 276 AD2d at 675). This is particularly true in light of the plaintiff's failure to explicitly deny having completed and signed the employment application or to produce a different document which might call into question the authenticity of the employment application submitted by the defendant.

Further, the documentary evidence—the employment application—submitted by the defendant utterly refutes the plaintiff's allegation that he had an employment contract with the defendant for a term starting December 2, 2012, and ending October 31, 2013. The plaintiff claims, however, that the employment application applied, if at all, only to his first term of employment with the defendant, which is not the subject of his complaint. This contention finds no support in the express language of the employment application, which specified that the employment relationship was at-will for an indefinite period of time. Moreover, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]; *see Matter of Oliner v Sovereign Bank*, 123 AD3d 1041, 1042 [2014]; *Minovici v Belkin BV*, 109 AD3d at 522; *Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1005 [2009]). Here, the plaintiff's bare and conclusory allegation in the complaint that he was hired for a term beginning December 2, 2012, and ending October 31, 2013, which was unsupported by any detailed allegations as to the defendant's negotiation of, or agreement to, the fixed term, is insufficient to overcome the presumption of a

hiring at will, particularly coupled with the defendant's express invocation of that presumption via its employment application (*see Daub v Future Tech Enter., Inc.*, 65 AD3d at 1005; *Lakeville Pace Mech. v Elmar Realty Corp.*, 276 AD2d at 675).

The plaintiff's remaining contentions lack merit.

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.