Calhoun v Midrox Ins. Co. (2018 NY Slip Op 07024)





Calhoun v Midrox Ins. Co.


2018 NY Slip Op 07024


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

526160

[*1]TAYLOR CALHOUN et al., Respondents,
v
MIDROX INSURANCE COMPANY, Appellant.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Powhida Stern PLLC, Albany (Amanda R. Stern of counsel), for appellant.
Law Office of Joseph A. Ermeti, LLC, Sidney (Joseph A. Ermeti of counsel), for respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Lambert, J.), entered May 25, 2017 in Delaware County, which denied defendant's motion to dismiss the complaint.
In January 2017, plaintiffs commenced this action alleging that defendant breached the terms of their insurance policy by denying them coverage for structural damage caused to their barn when their tractor and hay baler, operated by plaintiff Taylor Calhoun, "broke through the barn floor." Defendant moved, pre-answer, to dismiss the complaint based upon documentary evidence — namely, the insurance policy issued to plaintiffs (see CPLR 3211 [a] [1]). Supreme Court denied the motion, finding that the insurance policy offered by defendant was of disputed authenticity. This appeal by defendant ensued.
A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint as barred by documentary evidence may be properly granted only if "the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106 [2018]). "To qualify as documentary evidence, the evidence 'must be unambiguous and of undisputed authenticity'" (Matter of Koegel, 160 AD3d 11, 20-21 [2018], lv dismissed ___ NY3d ___ [Sept. 13, 2018], quoting Fontanetta v John Doe 1, 73 AD3d 78, 86 [2010]; see Phillips v Taco Bell Corp., 152 AD3d 806, 807 [2017]). The defendant bears the burden of proving that the proffered documentary evidence conclusively refutes the plaintiff's factual allegations (see Kolchins v Evolution Mkts., Inc., 31 NY3d at 105-106; Datena v JP Morgan Chase Bank, 73 AD3d 683, 684 [2010], lv denied 17 NY3d 704 [2011]).
Initially, we disagree with Supreme Court's conclusion that a factual dispute exists regarding the authenticity of the proffered documentary evidence. The insurance policy submitted by defendant in support of its motion was sufficiently authenticated by the sworn affidavit of defendant's president, who stated that, based upon his review of defendant's files, defendant's proffer was a "full and complete copy" of the insurance policy issued to plaintiffs [*2](see Hefter v Elderserve Health, Inc., 134 AD3d 673, 675 [2015]; see generally Muhlhahn v Goldman, 93 AD3d 418, 418-419 [2012])[FN1]. The alternate version of the insurance policy submitted by plaintiffs did not raise a genuine question of fact as to the authenticity of defendant's proffer. It is unmistakably clear from the face of their submission that plaintiffs did not offer the full and complete insurance policy, instead submitting only the 2016-2017 policy declarations and endorsements to the underlying insurance policy. Such conclusion, which can be readily made from an examination of plaintiffs' submission, is further supported by the sworn statement of defendant's president that plaintiffs offered only the 2016-2017 policy renewal documents. Moreover, the document submitted by plaintiffs entitled "Farmowners Policy Declarations" served as further authentication of defendant's proffer, as it stated that plaintiffs' insurance coverage was subject to 33 specifically listed forms and endorsements, all of which were included in defendant's proffer, but not in plaintiffs' proffer. In short, plaintiffs did not raise a genuine question of fact regarding the authenticity of the insurance policy submitted by defendant (see Hefter v Elderserve Health, Inc., 134 AD3d at 675; Born to Build LLC v 1141 Realty LLC, 105 AD3d 425, 426 [2013]). As such, Supreme Court should have proceeded to the question of whether defendant had an irrefutable defense based upon the insurance policy it provided.
Upon our examination of the insurance policy, we find that the terms of the policy conclusively refute plaintiffs' claim that defendant is obligated to cover the structural damage caused to their barn by Calhoun's operation of their tractor and hay baler. By its unambiguous terms, the policy insured plaintiffs only against direct physical loss caused to the barn by 11 specifically delineated perils. Accepting the allegations in plaintiffs' complaint as true and affording them the benefit of every possible favorable inference (see Kolchins v Evolution Mkts., Inc., 31 NY3d at 105-106; Vestal v Pontillo, 158 AD3d 1036, 1038 [2018]), the alleged cause of the structural damage here — the tractor and hay baler "br[ea]k[ing] through the barn floor" — does not fall under one of the covered perils. The section of the policy cited by plaintiffs as providing coverage is inapplicable, as that section applies solely to liability insurance coverage arising out of third-party claims made against plaintiffs. Accordingly, as the insurance policy conclusively disposes of plaintiffs' claim, defendant's motion to dismiss pursuant to CPLR 3211 (a) (1) should have been granted and the complaint dismissed (see Kilmer v Miller, 96 AD3d 1133, 1135-1136 [2012], lv dismissed 19 NY3d 1042 [2012]; Nisari v Ramjohn, 85 AD3d 987, 990 [2011]).
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and complaint dismissed.



Footnotes

Footnote 1: Although the insurance policy initially submitted by defendant was missing two pages, defendant provided the missing pages along with an attorney affirmation stating that the pages were provided to counsel by defendant, but "were inadvertently omitted in the course of reproduction," and requesting that the "purely clerical error" be overlooked. In the absence of any demonstrated prejudice to a substantial right of plaintiffs, Supreme Court should have overlooked defendant's administrative error (see CPLR 2001; Medina v City of New York, 134 AD3d 433, 433 [2015]), rather than using the missing pages as support for its conclusion that the insurance policy submitted by defendant was of disputed authenticity.