**Feld v Viceroy Devices Corp.**

2024 NY Slip Op 32583(U)

July 23, 2024

Supreme Court, New York County

Docket Number: Index No. 651902/2023

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------X

MICHAEL FELD,

                              Plaintiff,

                    - v -

VICEROY DEVICES CORPORATION and STEPHEN
ELLIS,

                             Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651902/2023 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 68, 69, 70, 71, 72, 74, 75, 77

were read on this motion to/for                           DISMISS                       .

      In his unverified April 18, 2023 complaint, plaintiff Michael Feld claims to be a co-founder of defendant Viceroy Devices Corporation (Viceroy) who was improperly terminated from Viceroy's employment and accuses his co-founder, defendant Stephen Ellis, of shareholder oppression. Plaintiff asserts thirteen causes of action: (1) shareholder oppression; (2) violation of his right to an annual shareholder distribution; (3) common law dissolution of Viceroy; (4) dissolution pursuant to BCL § 1104-a; (5) payment for the fair value of shares; (6) appointment of a receiver; (7) conversion; (8) unjust enrichment; (9) accounting; (10) declaratory judgment that plaintiff is a 10.34% shareholder; (11) breach of fiduciary duty against Ellis; (12) constructive trust; and (13) breach of contract.

      Defendants answered and asserted counterclaims, which were dismissed, and 13 affirmative defenses, which do not include assertion of the forum selection clause.

651902/2023   FELD, MICHAEL vs. VICEROY DEVICES CORPORATION ET AL
Motion No. 004

Page 1 of 6

(NYSCEF Doc. No. [NYSCEF] 37, December 14, 2023 Answer with Counterclaims; NYSCEF 78, May 5, 2024 Decision.)

In the notice of motion, defendants move to dismiss the complaint in its entirety under CPLR 3211 (a) (2) and (7). A party may attack the court's "almost limitless subject matter jurisdiction" under CPLR 3211 (a) (2). (John R. Higgitt, Prac Commentaries, McKinney's Cons Laws of NY, C3211:11.) On a CPLR 3211 (a) (7) motion to dismiss, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [citations omitted].) "[B]are legal conclusions, as well as factual claims which are either inherently incredible or flatly contradicted by documentary evidence" cannot survive a motion to dismiss. (*Summit Solomon & Feldesman v Lacher*, 212 AD2d 487, 487 [1st Dept 1995] [citation omitted].) However, in their memoranda of law, defendants fail to address the third, fourth, sixth, seventh, ninth, and thirteenth causes of action. Therefore, defendants' motion is denied as to those claims.

Defendants' motion to dismiss the action, because it belongs in Utah based on a forum selection clause in a Nondisclosure Agreement (NDA) (NYSCEF 70, NDA ¶ 9) is rejected. Defendants waived the defense by participating in this action since May 4, 2023. (*See Jiangsu Jintan Liming Garments Factory v Empire Imports Group, Inc.*, 2017 NY Slip Op 30469[U], *13-14 [Sup Ct, NY County 2017].) Defendants fail to cite

[* 2]

any law otherwise.[1]  Defendants' request to amend the complaint to add such a defense to their answer is improper in the absence of a notice of motion or cross motion. (NYSCEF 69, Defendants' Memorandum of Law at 3-4.)  On December 14, 2023, defendants filed an answer without asserting the forum selection clause.  (NYSCEF 37, Answer with Counterclaims.)  Defendants' statement in support of the request that the "answer was only filed a few weeks ago," is false.  (NYSCEF 69, Defendants' Memorandum of Law at 4.)  Counsel's excuse that he did not have the NDA at the time the answer was filed is undermined by the counterclaim in the answer for breach of the NDA.  (NYSCEF 72, Ford[3] aff ¶ 9.)[4]  Defendant's reliance on CPLR 3211 (a) (2) is also procedurally incorrect.  "An enforceable forum selection clause does not deprive a New York Court of subject matter jurisdiction over an action brought here in contravention of the clause."  (Higgitt, Prac Commentaries, CPLR C3211:11, citing *Lischinskaya v Carnival Corp.*, 56 AD3d 116, 118 [2d Dept 2008].)  A defendant looking to enforce a forum selection clause should employ CPLR 3211 (a) (1).  (*See* Higgitt, Prac Commentaries, CPLR C3211:10.)  Counsel's affirmation filled with the attorney's opinions is also improper on a motion to dismiss; the purpose of such an affirmation is limited to filing documents in support of a motion to dismiss under CPLR 3211 (a) (1). (*See Hefter v Elderserve Health, Inc.*, 134 AD3d 673, 675 [2d Dept 2015].)

---

[1] Defendants are reminded to read and comply with the Commercial Division Rules and the Part 48 procedures.  (Rules of Commercial Div of Sup Ct [22 NYCRR 202.70 (g)] rule 16; Part 48 Procedures ¶ 5.)  Parties are required to include a table of contents and table of authorities in their briefs.  (Uniform Rules for Trial Cts [22 NYCRR] § 202.8-b [b].)

[3] Adam Ford is defendants' now former attorney.  (NYSCEF 85, June 28, 2024 Decision and Order on Motion to be Relieved.)

[4] Defendants are reminded that exhibits are to be numbered not lettered.  (Part 48 Procedures ¶ 5 [E].)

**651902/2023   FELD, MICHAEL vs. VICEROY DEVICES CORPORATION ET AL**          **Page 3 of 6**
**Motion No.  004**

3 of 6

[* 3]

The court also rejects defendants' argument that plaintiff lacks standing to assert the first, second and fifth causes of action because they are derivative, not direct claims, and plaintiff has no standing to bring derivative claims under Utah law. First, these are not derivative claims. Rather, in Utah, shareholder oppression is a private cause of action. Oppressive conduct is "a continuing course of conduct, a significant action, or a series of actions that substantially interferes with the interests of a shareholder as a shareholder." (Utah Code Ann § 16-10a-1901 [1].) "A shareholder of a closely held corporation who is injured by oppressive conduct may bring a private cause of action against the closely held corporation." (*Id.* § 16-10a-1902 [1].) Accordingly, defendants' standing argument is rejected, though it was waived in any case because defendants failed to raise it in a pre-answer motion or the answer. (*Rimberg v Horowitz*, 206 AD3d 832, 834 [2d Dept 2022].)

Plaintiff has stated a claim for oppression in that he asserts that termination of his employment interferes with his shareholder rights because of an agreement with Ellis that employment and ownership are somehow intertwined. (NYSCEF 2, Complaint ¶¶ 24-25, 41.) Utah Code Annotated § 16-10a-1901 (2) (a) provides that: "'Oppressive contact' may include: (a) termination of a shareholder's employment." Defendants' factual assertion otherwise is an issue for discovery. The court notes that the second and fifth causes of action are not separate causes of action but remedies for shareholder oppression under Utah law. (*See* Utah Code Ann § 16-10(a)-1902 [2] [a], [b].) Viceroy's financial condition is irrelevant to whether this cause of action is viable or not. Finally, defendants cite no case law in support of their interpretation of Utah law.

651902/2023   FELD, MICHAEL vs. VICEROY DEVICES CORPORATION ET AL
Page 4 of 6
Motion No. 004

4 of 6

[* 4]

Defendants' motion to dismiss the eighth cause of action for unjust enrichment is denied because it is a premature factual attack on the claim. Plaintiff asserts that he is owed money by defendants. Whether Ellis is owed wages, or the company made distributions to Ellis and not plaintiff, are issues for discovery. The elements of an unjust enrichment claim are that the "defendant (1) received a benefit, (2) appreciated or had knowledge of this benefit, and (3) retained the benefit under circumstances that would make it unjust for the defendant to do so." (*Hunter v Finau*, 2024 UT App 17, ¶ 38, 545 P3d 294, 305 [2024], *cert denied* 2024 WL 3297374 [Utah 2024].) Defendants fail to raise any relevant legal arguments.

Defendants' motion to dismiss the tenth cause of action for a declaratory judgment as to the number of shares plaintiff owns is denied. Again, defendants' factual challenges are irrelevant and inappropriate for a motion to dismiss.

Defendants' motion to dismiss plaintiff's eleventh cause of action for breach of fiduciary duty because the claim is derivative, not direct, is denied. Under Utah Code Annotated § 16-10a-840, officers and directors have the following duties to shareholders:

> "(1) Each director shall discharge the director's duties as a director, including duties as a member of a committee, and each officer with discretionary authority shall discharge the officer's duties under that authority: (a) in good faith; (b) with the care an ordinarily prudent person in a like position would exercise under similar circumstances; and (c) in a manner the director or officer reasonably believes to be in the best interests of the corporation. . . . (4) A director or officer is not liable to the corporation, its shareholders, or any conservator or receiver, or any assignee or successor-in-interest thereof, for any action taken, or any failure to take any action, as an officer or director, as the case may be, unless: (a) the director or officer has breached or failed to perform the duties of the office in compliance with this section; and (b) the breach or failure to perform constitutes gross negligence, willful misconduct, or intentional infliction of harm on the corporation or the shareholders."

651902/2023   FELD, MICHAEL vs. VICEROY DEVICES CORPORATION ET AL                    Page 5 of 6
Motion No. 004

5 of 6

Plaintiff alleges:

"226.  Ellis placed his own interests ahead of those of the minority shareholder and egregiously committed acts and/or omissions as set forth above in violation of his fiduciary obligations.
227.  Ellis acted in bad faith involving intentional misconduct and knowing violations of the law.  Ellis also personally gained a financial profit to which he was not legally entitled.
228.  By committing the acts and omissions as set forth above, Ellis failed to act with the care, skill, prudence, and diligence required by law and, thus, failed to discharge the fiduciary duty he owed to Plaintiff.
229.  As a direct and proximate result of Ellis' fiduciary breaches as set forth above, Plaintiff has sustained substantial damages.
230.  Defendants have acted in willful disregard of Plaintiff's rights and in so acting towards Plaintiff, their conduct shocks the conscience of the public and large and warrants an imposition of punitive damages."  (NYSCEF 2, Complaint, ¶¶ 226-230.)

Regardless of whether the claim is derivative or direct, plaintiff may assert this claim under Utah law which allows "a minority shareholder in a closely held corporation to proceed directly against corporate officers."  (*Aurora Credit Services, Inc. v Liberty W. Dev., Inc.,* 970 P2d 1273, 1281 [Utah 1998].)  As to defendants' objection that plaintiff cannot prove his claim, the motion is denied.

Defendants' motion to dismiss the twelfth cause of action for a constructive trust is granted in the absence of opposition.

Accordingly, it is

ORDERED that the motion is granted, in part, to the extent that the twelfth cause of action for a constructive trust is dismissed, and the balance of the motion is denied.

| 7/23/2024 | |
| --- | --- |
| DATE | ANDREA MASLEY, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

651902/2023   FELD, MICHAEL vs. VICEROY DEVICES CORPORATION ET AL
Motion No.  004

Page 6 of 6